**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

A. D. MILLS (# K4561)                                                                                 PLAINTIFF

v.                                                                                                 No. 4:08CV27-A-B

M.D.O.C. ET AL.                                                                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of A. D. Mills, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff alleges that the defendants improperly found him guilty of a prison rule violation and that the rule violation proceedings did not afford him due process. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

On September 22, 2007, Corrections Officer A. D. Shavers accused the plaintiff of stealing $10.00 and a pack of cigarettes from Shavers. As a result of this accusation, the plaintiff was placed in lockdown (administrative segregation pending disciplinary hearing), strip-searched, and his property was removed from his cell. The plaintiff received a detention notice on September 23, 2007, moving the plaintiff from his cell in Unit 32-A (B-Zone) of the Mississippi State Penitentiary to Unit 32-C on the death row tier. After talking with the warden, the plaintiff was moved back to Unit 32-A and placed in a cell with a solid steel door. After a hearing on October 14, 2007, the plaintiff was found guilty of violating the rule prohibiting

stealing – and punished by 30 days loss of canteen privileges. The inclusion of the rule violation in the plaintiff's institutional file caused an increase in his classification points – which in turn led to a reduction in his custody classification. The plaintiff is now housed in D-Custody (the most restrictive), rather than B-Custody (less restrictive). The plaintiff would like to be placed in B-Custody so that he may receive a hardship transfer to a facility closer to his parents.

### *Sandin*

Under the rule set forth in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), the court holds that the plaintiff has not stated a claim implicating the Due Process Clause or any other constitutional protection. A state "may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In *Sandin* the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to due process protections under *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's thirty-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

The plaintiff alleges that the defendants violated his right to due process in finding him guilty of stealing and punishing him with 30 days loss of commissary privileges. This punishment does not, however, rise to the level of an "atypical, significant deprivation in which a State might conceivably create a liberty interest;" as such, due process protections do not apply to this case. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). Therefore, this allegation shall be dismissed for failure to state a claim. In addition, the state's adoption of the Objective Classification System, known by the inmates as the "Points System," uses the same formula for all inmates. Under this system, the plaintiff has accumulated enough "points" to warrant placement in D-Custody. Again, this more restrictive custody classification falls "within the expected parameters of the sentence imposed by a court of law," and therefore does not trigger due process protection. *Id*. at 2301.

### *Res Judicata* and Collateral Estoppel

The plaintiff has previously pursued these claims in the Sunflower County Circuit Court, which denied relief in all respects. Order Dismissing Petition for an Order to Show Cause, Sunflower County Circuit Court Cause No. 2007-0136-M, entered January 3, 2008 (attached to the instant complaint). Therefore these claims are barred by the doctrine of *res judicata* (claim preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory;

the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.* The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of Rule Violation Report number 786017 (stealing $10.00 and a pack of cigarettes) and any suits arising out of those events as to any parties he actually sued regarding those events because these issues have been decided by the Sunflower County Circuit Court.[1] Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against the Mississippi Department of Corrections should be dismissed for failure to state a constitutional claim.

The plaintiff's claims are similarly barred under the doctrine of collateral estoppel. *Collateral estoppel*, or issue preclusion, precludes relitigation of issues actually adjudicated, and

---

[1] The Sunflower County Circuit Court qualifies as a court of competent jurisdiction, even though that court ultimately determined that it lacked jurisdiction to proceed further with the plaintiff's claims. The test the Circuit Court uses to determine jurisdiction is whether the plaintiff alleges a Constitutional violation. *Carson .v Hargett*, 689 So.2d 753, 755 (Miss. 1996). The Sunflower County Circuit Court found that no such violation occurred – specifically noting the absence of a due process violation. Thus, the Circuit Court's decision regarding the plaintiff's claims is barred by *res judicata*.

essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). In prior state court litigation, the plaintiff challenged the validity of Rule Violation Report number 786017, and the Sunflower County Circuit Court found "no due process violations, nor any reason why [the] Court should further review the actions of the Disciplinary Committee." Order Dismissing Petition for an Order to Show Cause, Sunflower County Circuit Court Cause No. 2007-0136-M, entered January 3, 2008. The issues in the present case are identical to those found against the plaintiff by Sunflower County Circuit Court. Therefore, those issues are barred from review by this court under the doctrine of collateral estoppel.

In sum, all of the plaintiff's allegations shall be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the ___3rd___ day of June, 2008.

                                                                                           **/s/ Sharion Aycock**
                                                                                           **U. S. DISTRICT JUDGE**